**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RANDEL ROCK,

        Plaintiff,

vs.                          Case No. 6:12-cv-1092-Orl-37GJK

BAE SYSTEMS, INC. and BAE
SYSTEMS TECHNOLOGY
SOLUTIONS & SERVICES, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants BAE Systems, Inc. and BAE Systems Technology Solutions & Services Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Supporting Memorandum of Law (Doc. 47), filed February 22, 2013;

2. Plaintiff's Response to Motion to Dismiss First Amended Complaint (Doc. 48), filed March 6, 2013; and

3. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 49), filed March 6, 2013.

Upon consideration, the Court hereby grants Defendants' motion and denies as moot Plaintiff's motion, as set forth below.

**BACKGROUND**[1]

Plaintiff Randel Rock is appearing *pro se.* Defendants are BAE Systems

---

[1] These factual allegations are taken from the First Amended Complaint (Doc. 44) and are accepted as true for the purposes of considering the instant motion. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

Technology Solutions & Services, Inc. ("BAE TSS"), Plaintiff's former employer, and BAE Systems, Inc. ("BAE Systems"), the parent corporation of BAE TSS.[2] Plaintiff alleges that Defendants stalked and surveilled him (Doc. 44, ¶¶ 25, 33, 35, 36), broke into his home (*id.* ¶¶ 38–39, 44), sexually assaulted him (*id.* ¶¶ 55, 59), battered him (*id.* ¶ 44), and slandered him (*id.* ¶¶ 37, 97–98). Plaintiff brought claims of: (1) violation of the Interstate Stalking Punishment and Prevention Act; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) battery; (4) burglary; (5) slander; and (6) intentional infliction of emotional distress. (Doc. 44.) Defendants moved to dismiss. (Doc. 47.) Plaintiff opposed. (Doc. 48.)

**STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321

---

[2] Defendants contend that the Court "should drop BAE Systems, Inc. as a party." (Doc. 47, p. 1 n.1 (citing Fed. R. Civ. P. 21).) In its previous Order dismissing Plaintiff's original Complaint, the Court directed Plaintiff to "identify the proper corporate defendant and effect service on that defendant." (Doc. 43, p. 6.) In the First Amended Complaint, Plaintiff sues both BAE TSS and BAE Systems, explaining that BAE Systems "was directly involved in activities detrimental to . . . Plaintiff, and as such merit[s] inclusion as a defendant." (Doc. 44, ¶ 7.) This suffices to keep BAE Systems as a party, so long as Plaintiff properly serves BAE Systems within 120 days of filing his complaint. *See* Fed. R. Civ. P. 4(m).

F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

1. **Interstate Stalking**

Plaintiff attempts to bring a claim for interstate stalking pursuant to 18 U.S.C. § 2261A, a federal criminal statute. (Doc. 44, ¶¶ 70–75.) However, that statute does not provide a private right of action.[3] *See Jacobus v. Huerta*, No. 3:12-cv-02032, 2013 WL 673233, at *12 (S.D.W.Va. Feb. 22, 2013); *Dorr v. Ford Motor Co.*, No. 10-cv-13822, 2011 WL 5857886, at *9 (E.D. Mich. Sept. 27, 2011); *Kruska v. Perverted Justice Found. Incorporated.Org*, No. CV-08-00054-PHX-SMM, 2010 WL 4791666, at *8 (D. Ariz. Nov. 18, 2010). Thus, Plaintiff cannot bring a claim under that statute in this civil case. The interstate stalking claim is therefore due to be dismissed with prejudice.

2. **RICO**

Plaintiff alleges that Defendants unlawfully conspired in violation of RICO, 18 U.S.C. § 1962(d), to engage in a pattern of racketeering activity to "maintain[] lucrative government contracts." (Doc. 44, ¶¶ 79–81.) A "pattern of racketeering activity" requires "at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

Plaintiff alleges that Defendants engaged in two predicate acts of racketeering

---

[3] Plaintiff argues that the restitution provision in 18 U.S.C. § 2264 creates a civil remedy. (Doc. 48, pp. 2–3.) The Court disagrees, as the restitution provided in § 2264 is a criminal penalty. *See* U.S. Sentencing Guidelines Manual § 5E1.1(a)(1) (requiring a district court to enter a restitution order for a victim's loss as part of a defendant's sentence pursuant to § 2264). *Compare* 18 U.S.C. § 2264 (requiring a court to issue a restitution order in accordance with 18 U.S.C. § 3664, which requires restitution as part of the criminal sentencing process), *with* 18 U.S.C. § 1595 (explicitly providing a civil remedy for violation of the federal peonage, slavery, and trafficking in persons law).

3

under 18 U.S.C. § 1512(d)(4), which prohibits harassment intended to hinder a person from causing a criminal prosecution to be initiated: (1) an act of harassment that involved three vehicles attempting to hit Plaintiff's vehicle when he was en route to a police station to report a physical assault that he allegedly suffered (Doc. 44 ¶ 46); and (2) an act of harassment involving attempts by three people to dissuade Plaintiff from talking to police about a sexual assault that he allegedly suffered (*id.* ¶ 61). While these acts might constitute predicate acts under RICO,[4] Plaintiff fails to sufficiently allege that it was Defendants who committed these acts.

As to the first proffered act, Plaintiff alleges that on the way to the police station, "Plaintiff's vehicle was closely followed by three other vehicles. The three vehicles tried to hit Plaintiff's vehicle from the side, but Plaintiff dodged the vehicles. One of the vehicles had a message written on the back window[,] 'I love you.'" (Doc. 44, ¶ 46.) Even taking these factual allegations as true for the purposes of ruling on the motion to dismiss, Plaintiff does not allege that agents of Defendants were the ones attempting to harass him.

The same is true for the second proffered act. Plaintiff states, "When Plaintiff first met the police about the assault . . . , three people the Plaintiff later has learned were at least knowledgeable of this incident made their presence known to Plaintiff and attempted to dissuade Plaintiff from talking to police." (*Id.* ¶ 61.) Plaintiff fails to identify these people or even to proffer a coherent theory as to how he linked them to

---

[4] Even if these acts were carried out by Defendants, they may not constitute violations of 18 U.S.C. § 1512(d)(4), though the Court does not decide this issue at this time. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1307 (11th Cir. 2003) (stating that acts committed under another subsection of § 1512 "are only applicable to federal proceedings" (citation omitted)).

4

Defendants.[5]

The Court will not allow the RICO claim to go forward when Plaintiff fails to adequately allege that the individuals engaged in the proffered predicate acts were agents of Defendants. Defendants cannot be held responsible for the actions of unrelated actors. As such, the RICO claim is due to be dismissed.

### 3. State Law Claims

Other than the interstate stalking and RICO claims, Plaintiff's other claims are state law claims (battery, burglary, slander, and intentional infliction of emotional distress). Because Plaintiff has no surviving federal claims and has established no other basis for subject-matter jurisdiction,[6] the Court declines to exercise supplemental jurisdiction over the state law claims.[7] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the remaining claims are due to be dismissed.

---

[5] This failure to allege a basis for liability as to Defendants persists throughout the First Amended Complaint. (*See* Doc. 44.) Plaintiff alleges that on one occasion he recognized an employee of Defendants watching him and that a van drove by that had "'BAE Systems' lettering near the license plate." (*Id.* ¶ 25.) Apart from these allegations, however, Plaintiff largely fails to connect the acts that he allegedly endured to Defendants, and fails entirely to connect the alleged predicate RICO acts to Defendants. In some instances, Plaintiff asserts that "BAE agents" were involved in some of the acts of which he complains (*see, e.g.*, *id.* ¶¶ 35, 43, 44, 55, 68), but most of the time Plaintiff simply alleges that he was followed and surveilled by unknown and unidentified people.

The Court is cognizant of the fact that Plaintiff's suit is premised on a kind of clandestine conspiracy against him necessarily involving secrecy, such that he might not know the identity of every individual involved. *See Iqbal*, 556 U.S. at 663–64 ("[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." (citing *Twombly*, 555 U.S. at 556)). However, Plaintiff's allegations must plausibly give rise to the inference that Defendants acted unlawfully. Raising the implausible possibility that Defendants are liable will not be enough for Plaintiff's claims to go forward. *See Iqbal*, 556 U.S. at 678; *Twombly*, 555 U.S. at 556.

[6] Diversity jurisdiction under 28 U.S.C. § 1332(a) is an alternative means for establishing subject-matter jurisdiction, but Plaintiff has not alleged diversity jurisdiction.

[7] As with 18 U.S.C. § 2261A, the state criminal statutes likely do not confer a private right of action.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants BAE Systems, Inc. and BAE Systems Technology Solutions & Services Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Supporting Memorandum of Law (Doc. 47) is **GRANTED**.

2. Plaintiff's interstate stalking claim under 18 U.S.C. § 2261A is **DISMISSED WITH PREJUDICE**. Plaintiff shall not replead this claim.

3. Plaintiff's RICO and state law claims are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff may, on or before April 12, 2013, file a second amended complaint that conforms to the strictures set forth in this Order.

5. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 49) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 15, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party