UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RANDEL ROCK,

          Plaintiff,

vs.                                           Case No. 6:12-cv-1092-Orl-37GJK

BAE SYSTEMS, INC. and BAE
SYSTEMS TECHNOLOGY
SOLUTIONS & SERVICES, INC.,

          Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants BAE Systems, Inc. and BAE Systems Technology Solutions & Services Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 52), filed April 29, 2013; and

2. Plaintiff's Response to Motion to Dismiss Second Amended Complaint (Doc. 53), filed May 15, 2013.

Upon consideration, the Court hereby grants Defendants' motion.

## BACKGROUND

Plaintiff Randel Rock is appearing *pro se*. Defendants are BAE Systems Technology Solutions & Services, Inc. ("BAE TSS"), Plaintiff's former employer, and BAE Systems, Inc. ("BAE Systems"), the parent corporation of BAE TSS. (Doc. 51, ¶¶ 6–7.) Plaintiff alleges that Defendants stalked and surveilled him (*id.* ¶¶ 14, 17, 20, 22, 29–32, 36, 38, 43, 47, 51, 54, 63, 75), broke into his home (*id.* ¶¶ 37, 41), sexually assaulted him (*id.* ¶¶ 62, 66), battered him (*id.* ¶ 52), and slandered him (*id.* ¶¶ 40, 58).

Plaintiff brought claims of: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) battery; (3) burglary; (4) slander; and (5) intentional infliction of emotional distress. (Doc. 51.) Defendants moved to dismiss. (Doc. 52.) Plaintiff opposed. (Doc. 53.)

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

### 1. RICO

Plaintiff alleges that Defendants unlawfully conspired in violation of RICO, 18 U.S.C. § 1962(d), to engage in a pattern of racketeering activity to "maintain[] lucrative government contracts." (Doc. 51, ¶¶ 79–86.) Plaintiff alleges that Defendants engaged in two predicate acts of racketeering under 18 U.S.C. § 1512(d)(4), which prohibits harassment intended to hinder a person from causing a criminal prosecution to be initiated: (1) an act of harassment that involved three vehicles attempting to hit Plaintiff's vehicle when he was en route to a police station to report a physical assault

2

that he allegedly suffered (Doc. 51, ¶ 54); and (2) an act of harassment involving an attempt by an individual to dissuade Plaintiff from talking to police about a sexual assault that he allegedly suffered (*id.* ¶ 64). However, Plaintiff's RICO claim fails because he has not alleged that he suffered a business or property injury due to the alleged RICO violations.

18 U.S.C. § 1964(c) provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . and shall recover threefold the damages he sustains . . . ." Section 1964(c) thus provides a private right of action for violations of § 1962, the RICO provision under which Plaintiff brings his claim (Doc. 51, ¶ 82). "A plaintiff asserting a claim under § 1964(c) of RICO must allege economic injury arising from the defendant's actions." *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1361 (11th Cir. 2011) (citation omitted). Such a plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 496 (1985). This is because "[a] defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured." *Id.* (citation and internal quotation marks omitted) (alteration in original). There must be a causal connection between the alleged RICO violation and the alleged injury. *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1287–92 (11th Cir. 2006); *Lawrie v. Ginn Dev. Co.*, No. 3:09-cv-446-J-32JBT, 2013 WL 222258, at *4–5 (M.D. Fla. Jan. 9, 2013) (Toomey, M.J.). Personal injury, including emotional distress and related physical symptoms, does not suffice under this standard. *See Grogan v. Platt*, 835 F.2d 844, 846 (11th Cir. 1988); *Echeverria v. BAC Home*

*Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1303–04 (M.D. Fla. 2012) (Antoon, J.).

Here, Plaintiff does not allege that he suffered business or property injuries as a result of the alleged predicate RICO acts of intimidation. Plaintiff does allege that he suffered property damage due to a separate incident carried out by agents of Defendants and that he has been denied unemployment benefits due to a BAE employee's provision of misinformation. (Doc. 51, ¶¶ 77–78.) However, these alleged injuries were not caused by the predicate RICO acts of intimidation.[1] *See Williams*, 465 F.3d at 1287–92. Additionally, the allegations that Plaintiff was prevented from reporting assaults would not support business or property injuries; at most, these incidents may have caused Plaintiff emotional distress, which is not the kind of injury necessary to establish standing. *See Echeverria*, 900 F. Supp. 2d at 1303–04. As such, Plaintiff does not have standing to bring suit under RICO and the Court lacks subject-matter jurisdiction over this claim. The RICO claim is therefore due to be dismissed.

As Plaintiff has had three opportunities to plead a RICO claim but has failed to do so, the RICO claim is due to be dismissed with prejudice. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (affirming dismissal of a claim with prejudice where the plaintiff had three opportunities to properly plead the claim but failed to cure the

---

[1] Plaintiff appears to argue that even though the would-be predicate RICO acts did not cause him property or business injuries, he has standing because these acts were part of a larger campaign that involved other acts which caused damage to Plaintiff's property and business interests. (Doc. 53, pp. 6–7.) This argument is not well-taken, and the case on which Plaintiff relies does not support his argument. In *Bridge v. Phoenix Bond & Indemnity Co.*, the U.S. Supreme Court ruled that respondents had standing to pursue a civil RICO claim based on predicate acts of mail fraud, even though they were not on the receiving end of petitioners' fraudulent misrepresentations, because respondents still suffered business injury by reason of the predicate acts. 553 U.S. 639, 649–50, 660–61 (2008). *Bridge* does not stand for the proposition that acts which cause property or business injuries can create RICO liability if they are not acts prohibited by RICO. Rather, it is the alleged RICO violation that must directly lead to the plaintiff's injury. *See Williams*, 465 F.3d at 1288–89.

pleading deficiencies).

## 2. State Law Claims

Other than the RICO claim, Plaintiff's other claims are all based in state law (battery, burglary, slander, and intentional infliction of emotional distress). Because Plaintiff has no surviving federal claims and has established no other basis for subject-matter jurisdiction,[2] the Court declines to exercise supplemental jurisdiction over the state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the remaining claims are due to be dismissed without prejudice, to be re-filed in state court should Plaintiff be so inclined.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants BAE Systems, Inc. and BAE Systems Technology Solutions & Services Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 52) is **GRANTED**.

2. The RICO claim is **DISMISSED WITH PREJUDICE**. The remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 5, 2013.

ROY B. DALTON JR.
United States District Judge

---

[2] Plaintiff has not properly alleged diversity jurisdiction under 28 U.S.C. § 1332(a).

Copies:

*Pro Se* Party

Counsel of Record